

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NOS. 02-14-00468-CR
## 02-14-00469-CR

GABRIEL CASTILLO                                                      APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
## TRIAL COURT NOS. CR13-0663, CR13-0664

----------

## MEMORANDUM OPINION[1]

----------

Appellant Gabriel Castillo appeals his convictions for aggravated assault and unlawful possession of a firearm by a felon for which he received concurrent forty-year sentences. We dismiss his appeals.

---

[1]*See* Tex. R. App. P. 47.4.

**Background**

Pursuant to plea bargains, on May 12, 2014, Appellant was convicted and sentenced to concurrent forty-year sentences for the offenses of aggravated assault and unlawful possession of a firearm by a felon. The "Trial Court's Certification of Defendant's Right of Appeal" for both cases show that they were plea-bargain cases with no right to appeal and that Appellant waived his right to appeal. Over six months later, on November 19, 2014, Appellant filed in both cases a "Defendant's Motion for Appeal" in which he indicated he wanted to appeal his convictions.

On November 24, 2014, this court sent Appellant a letter informing him that his notices of appeal were late, that he was attempting to appeal plea-bargain cases for which he had no right to appeal, and that he had waived his right to appeal the convictions. The court gave Appellant until December 9, 2014, to file a response showing grounds for continuing the appeals. On December 4, 2014, Appellant filed a response in which he thanked the court for allowing his appeals to proceed and in which he set out his appellate complaints. On December 19, 2014, Appellant filed a letter inquiring into the status of his appeals. On January 12, 2015, Appellant filed a letter indicating he now had a reporter's record of his plea hearings and requesting direction on how best to proceed.

**Discussion**

In both cases, Appellant was sentenced on May 12, 2014. His notices of appeal were due June 11, 2014, in the absence of a timely-filed motion for new

trial. Tex. R. App. P. 26.2(a)(1). Assuming Appellant filed a timely motion for new trial, his notices of appeal were due August 10, 2014. Tex. R. App. P. 26.2(a)(2). There is nothing suggesting Appellant filed timely motions for new trial. There is nothing suggesting Appellant filed timely motions to extend time to file his notices of appeal. Appellant's November 19, 2014 "Motions for Appeal" are late under either deadline. Therefore, we have no jurisdiction. *See Nurnberg v. State*, No. 02-02-00510-CR, 2002 WL 31992191, at *1 (Tex. App.—Fort Worth Feb. 13, 2003, no pet.) (mem. op., not designated for publication).

The right to appeal after a plea bargain is restricted to those matters that were raised by written motion and ruled on before trial or to those instances when the trial court gave the defendant permission to appeal. Tex. R. App. P. 25.2(a)(2)(A), (B). The trial court's certifications in both cases show neither one of these exceptions applies. Further, after this court sent its November 24, 2014 letter, Appellant responded three times but never asserted either of these two exceptions. Appellant has not shown that he has the right to appeal. *See Ramirez v. State*, Nos. 02-14-00328-CR, 02-14-00348-CR, 2014 WL 5409566, at *1 (Tex. App.—Fort Worth Oct. 23, 2014, no pet.) (mem. op., not designated for publication).

Finally, among the papers Appellant provided the court are the "Written Plea Admonishments, Waiver of Rights, and Judicial Confession of Defendant, Joined by Attorney for Defendant" for each case. In these documents, Appellant waived his right to appeal. Appellant has provided no argument for ignoring the

3

waivers.  *Hall v. State*, No. 02-14-00400-CR, 2014 WL 5878120, at *1 (Tex. App.—Fort Worth Nov. 13, 2014, no pet.) (mem. op., not designated for publication).

## Conclusion

We dismiss Appellant's appeals for want of jurisdiction.

PER CURIAM

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 29, 2015